UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW J. PEREZ; IRENE E. PEREZ; and QUALITY SWEEPING SERVICE,<br><br>    Plaintiffs,<br><br>    v.<br><br>JPMORGAN CHASE BANK; JOHN DOE and DOES 1-10, inclusive<br><br>    Defendants. | Case No. 2:16-CV-01597-R-RAO<br><br>Hon. Manuel L. Real<br>Courtroom 8<br><br>**STATEMENT OF UNCONTROVERTED FINDINGS OF FACT AND CONCLUSIONS OF LAW FOLLOWING ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK N.A.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Action Filed:   December 15, 2015<br>MSJ Granted:   November 8, 2016 |

# STATEMENT OF UNCONTROVERTED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant JPMorgan Chase Bank, N.A. ("Chase") filed its Motion for Summary Judgment (Dkt. 18) on September 22, 2016 ("Motion"). After having been thoroughly briefed by both parties, this Court took this Motion under submission on November 3, 2016. Dkt. 35. The Court issued its Order granting defendant's Motion on November 8, 2016, Dkt. 37.

## I. FINDINGS OF FACT

### A. THE PARTIES TO THIS ACTION

1. Plaintiffs Andrew J. Perez and Irene E. Perez are California citizens (Dkt. 1, p. 5) and were the owners of Chase Accounts 1700, 7980 and 9370. Dkt. 1, p. 16 and Dkt. No. 18-3, pp. 92-153 (ownership of Account 1700). Dkt. 1, p. 18 (ownership of Accounts 7980 and 9370); Dkt. 18-3, pp. 59-90 (ownership of Account 9370), and Dkt. 18-4, pp. 90-101 (ownership of Account 7980).

2. Plaintiff Quality Sweeping Service, Inc. is a California domiciliary. Dkt. 1, p. 6. It is a corporation duly organized under California law, with its principal place of business in California. Dkt. 1, p. 6. Plaintiff Quality Sweeping Service, Inc. was the owner of Chase Account 9730. Dkt. 1, p. 19 and Dkt. 18-4, pp. 3-88.

3. Chase is an Ohio domiciliary. It is a national banking association, established and organized under the laws of the United States of America and has designated its main office to be located in Columbus, Ohio. Dkt. 1, p. 6.

### B. PLAINTIFFS' COMPLAINT AND REMOVAL TO FEDERAL COURT

4. On December 9, 2015, Plaintiffs Andrew J. Perez, Irene E. Perez and Quality Sweeping Service, Inc. (collectively "Plaintiffs") filed their Complaint for Breach of Contract against Chase in the Los Angeles County Superior Court. Dkt.

1, pp. 9-21.  Plaintiffs assert three causes of action for breach of contract against Chase.  *Id.*, at pp. 16-20.

5. Plaintiffs allege that through fraudulent checks and ATM and electronic transfers by unknown persons, numerous unauthorized withdrawals occurred on their accounts.  Dkt. 1, pp. 14-20.  Plaintiffs allege that Chase refused to refund the remaining funds in their accounts when each was closed.  This, they allege, was in breach of Chase's promise to "protect monies deposited by plaintiffs."  *Id.*, at p. 15.  Plaintiffs' Complaint does not, however, identify which transactions were 'unauthorized.'  Plaintiffs' Complaint does not specify the dates when the allegedly unauthorized transactions occurred.

6. On March 8, 2016, Chase removed the lawsuit to the U.S. District Court for the Central District of California.  Dkt. 1.  On March 11, 2016, Chase answered Plaintiffs' Complaint.  Dkt. 6.

**C.  THE SPECIFIC TRANSACTIONS PLAINTIFFS ALLEGE TO BE UNAUTHORIZED**

7. Beginning on or about May 31, 2016, Chase began conducting discovery from Plaintiffs to specifically identify those transactions claimed to be unauthorized.  Dkt. 18-3, pp. 3-22.

8. On or about July 28, 2016 and responsive to that discovery (Dkt.18-3, pp. 24-28 (re Andrew J. Perez discovery responses), pp. 30-34 (re Irene E. Perez discovery responses) and pp. 36-40 (re Quality Sweeping Service discovery responses)), Plaintiffs identified the allegedly unauthorized transactions, which occurred during the time period beginning in October 2012 and running through October 2013.  Dkt. 18-3, pp. 42-44 (claims of unauthorized transactions re Account 1700), Dkt. 18-3, pp. 46-47 (claims of unauthorized transactions re Account 7980), pp. 49-53 (claims of unauthorized transactions re Account 9730), and Dkt. 18-3, pp. 55-57 (claims of unauthorized transactions re Account 9370).

9. Each transaction on Account 9370 which Plaintiffs allege was unauthorized appears on a monthly bank statement between October 2012 and October 2013 that Chase made available to Plaintiffs immediately following the date of the questioned transaction. Dkt. 18-1, pp. 14-15 (statements made available), Dkt. 18-3, pp. 59-90 (monthly bank statements) and Dkt. 18-3, pp. 55-57 (specific identification of all alleged unauthorized transactions in Account 9370).

10. Each transaction on Account 1700 which Plaintiffs allege was unauthorized appears on a monthly bank statement between November 2012 and October 2013 that Chase made available to Plaintiffs immediately following the date of the questioned transaction. Dkt. 18-1, p. 15 (statements made available), Dkt. 18-3, pp. 92-153 (monthly bank statements) and Dkt. 18-3, pp. 42-44 (specific identification of all alleged unauthorized transactions in Account 1700).

11. Each transaction on Account 9730 which Plaintiffs allege was unauthorized appears on a monthly bank statement between October 2012 and November 2013 that Chase made available to Plaintiffs immediately following the date of the questioned transaction. Dkt. 18-1, pp. 15-16 (statements made available), Dkt. 18-4, pp. 3-88 (monthly bank statements) and Dkt. 18-3, pp. 42-44 (specific identification of all alleged unauthorized transactions in Account 9730).

12. Each transaction on Account 7980 which Plaintiffs allege was unauthorized appears on a monthly bank statement between October 2012 and November 2012 that Chase made available to Plaintiffs immediately following the date of the questioned transaction. Dkt. 18-3, p. 16 (statements made available), Dkt. 18-4, pp.90-101 (monthly bank statements), and Dkt. 18-3, pp. 46-47 (specific identification of all alleged unauthorized transactions in Account 7980).

13. Plaintiffs concede receiving all monthly statements in 2012 and 2013 for each of the four accounts in question. Dkt. 24, ¶ 3, p. 3. Plaintiffs further concede that those statements identify each of the individual transactions which

Chase paid, which Plaintiffs now claim in context of this lawsuit were not authorized by them. *Id.*

14. Plaintiffs did not file their lawsuit until December 9, 2015.

### III. <u>CONCLUSIONS OF LAW</u>

1. This Court has jurisdiction over Plaintiffs' claims against Chase pursuant to 28 U.S.C. § 1332(a)(1). Removal of this action was proper pursuant to 28 U.S.C. §§ 1441 and 1446.

2. Because the allegedly unauthorized transactions include in-branch withdrawals, telephone transfers, ATM withdrawals, internet transfers and other transactions, two different statutes are applicable here, namely: (*i*) California Code of Civil Procedure § 340(c); and (*ii*) Title 15 U.S.C. § 1693m(g).

3. California Code of Civil Procedure § 340(c) sets a one-year statute of limitations for an action "by a depositor against a bank for the payment of a forged or raised check, or a check that bears a forged or unauthorized endorsement . . . ." *Id.* The statute of limitations accrues as to each transaction when it is paid and is subsequently reported on the following monthly statement. *See Edward Fineman Co. v. Superior Court*, 66 Cal.App.4th 1110, 1117-1118 (1998).

4. There is no dispute that Chase paid each allegedly unauthorized paper transaction and that Chase reported each allegedly unauthorized paper transaction on the following monthly bank statement for each account in question. Thus, there is no dispute that the one-year limitation period for each one of Plaintiffs' claims of an alleged unauthorized paper transaction accrued during the period from October 2012 through October 2013. Accordingly, all of Plaintiffs' claims arising from fraudulent checks or other fraudulent paper transactions expired before Plaintiffs filed their Complaint on December 9, 2015. Therefore, this Court concludes that all such claims are barred by the statute of limitations, California Code of Civil Procedure § 340(c).

5. Plaintiffs' remaining claims are governed by 15 U.S.C. § 1693m(g) of the Electronic Funds Transfer Act ("EFTA"). The EFTA governs actions arising from electronic transfers and other payments accomplished electronically, including ATM withdrawals and internet transfers.

6. Pursuant to 15 U.S.C. § 1693m(g), actions brought under the EFTA are also subject to a one-year statute of limitation. There is no dispute that each of the allegedly unauthorized electronic transactions similarly occurred during the period from October 2012 through October 2013. There is no dispute that during this time period monthly statements identifying each of the allegedly unauthorized electronic transaction were timely made available to and received by Plaintiffs. Accordingly, Plaintiffs' remaining claims arising from alleged fraudulent ATM withdrawals and electronic transfers likewise expired before this action commenced and are thus barred by the EFTA statute of limitations.

## IV. CONCLUSION

1. For the above reasons, Chase has demonstrated that there is no genuine issue of material fact pertaining to the running of the applicable statute of limitation. For their part, Plaintiffs have not sustained their burden of producing competent evidence to establish a genuine dispute as to any material fact and cannot rely on mere allegations or denials in the pleadings.

2. Therefore, as the moving party Chase is entitled to summary judgment as a matter of law.

Dated: November 28, 2016

_____
Hon. Manuel L. Real
United States District Judge

Respectfully submitted,

BARTON, KLUGMAN & OETTING LLP

By: _____/s/_____   Dated: November 15, 2016
    Terry L. Higham, APLC
    Attorneys for Defendant
    JPMORGAN CHASE BANK, N.A.
    A National Banking Association